

1  SEDGWICK LLP
   BRUCE D. CELEBREZZE Bar No. 102181
2  *bruce.celebrezze@sedgwicklaw.com*
   NICHOLAS J. BOOS Bar No. 233399
3  *nicholas.boos@sedgwicklaw.com*
   333 Bush Street, 30th Floor
4  San Francisco, California 94104
   Telephone: (415) 781-7900
5  Facsimile: (415) 781-2635

6  Attorneys for Defendants
   TRAVELERS CASUALTY INSURANCE
7  COMPANY OF AMERICA and TRAVELERS
   INDEMNITY COMPANY OF CONNECTICUT
8

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12 AMERICAN HOME REALTY NETWORK,         CASE NO.
   INC., a Delaware corporation,
13                                       **NOTICE OF REMOVAL OF CIVIL**
          Plaintiff,                     **ACTION TO UNITED STATES**
14                                       **DISTRICT COURT FOR THE**
          v.                             **NORTHERN DISTRICT OF**
15                                       **CALIFORNIA (DIVERSITY)**
   TRAVELERS CASUALTY INSURANCE
16 COMPANY OF AMERICA, a Connecticut
   corporation, TRAVELERS INDEMNITY      [Originally San Francisco County
17 COMPANY OF CONNECTICUT, a             Superior Court,
   Connecticut corporation; and DOES 1   Case No. CGC-13-528207]
18 through 20, inclusive

19        Defendants.

20

21 TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

22 DISTRICT OF CALIFORNIA, AND TO THE CLERK OF THAT COURT:

23        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a) and 1441, defendants

24 Travelers Casualty Insurance Company of America and Travelers Indemnity Company of

25 Connecticut (collectively, "Travelers") hereby remove to this Court the state court action

26 described below.

27        1.     On or about January 24, 2013, plaintiff American Home Realty Network, Inc.

28 ("AHRN") filed in the Superior Court of the State of California, City and County of San

-1-
NOTICE OF REMOVAL

1  Francisco, a complaint bearing Case No. CGC-13-528207. The complaint names as defendants

2  Travelers Casualty Insurance Company of America and Travelers Indemnity Company of

3  Connecticut and DOES 1 through 20. The complaint seeks declaratory relief with respect to

4  Travelers' alleged insurance coverage obligations in connection with the action that Regional

5  Multiple Listing Service of Minnesota, Inc. dba NorthstarMLS initiated against AHRN in the

6  United States District Court for the District of Minnesota, Case No. 0:12-cv-00965-JRT-FLN on

7  April 18, 2012 ("the *Regional* action"). AHRN's complaint against Travelers purports to allege

8  causes of action for (1) "declaratory relief – duty to defend," and (2) "declaratory relief –

9  independent *Cumis* counsel must be provided under Civil Code Section 2860."

10      2.    Travelers received of a copy of the summons and complaint from AHRN on

11  February 15, 2013. AHRN sent these documents to Travelers by certified mail on February 13,

12  2013 with a request that Travelers sign an acknowledgment of receipt. True and correct copies of

13  all documents submitted to Travelers are attached hereto as **Exhibit 1**. Travelers filed its answer

14  to AHRN's complaint on March 4, 2013. A true and correct copy of Travelers' answer is

15  attached hereto as **Exhibit 2**.

16  **JURISDICTION**

17      3.    This action is a civil action of which this Court has original jurisdiction under 28

18  U.S.C. § 1332, and is one which may be removed to this Court by Travelers pursuant to the

19  provisions of 28 U.S.C. § 1441(a), in that it is a civil action wherein the amount in controversy

20  exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different

21  states.

22      4.    Plaintiff AHRN is, and at the time of the filing of the complaint was, a

23  corporation organized and existing under the laws of the state of Delaware and having its

24  principal place of business in the state of California. AHRN is therefore a citizen of the states of

25  Delaware and California.

26      5.    Defendant Travelers Casualty Insurance Company of America is, and at the time

27  of the filing of this complaint was, a corporation organized and existing under the laws of the

28  state of Connecticut and having its principal place of business in the state of Connecticut.

Sedgwick

1   Travelers Casualty Insurance Company of America is therefore a citizen of the state of

2   Connecticut.

3       6.      Defendant Travelers Indemnity Company of Connecticut is, and at the time of the

4   filing of this complaint was, a corporation organized and existing under the laws of the state of

5   Connecticut and having its principal place of business in the state of Connecticut. Travelers

6   Indemnity Company of Connecticut is therefore a citizen of the state of Connecticut.

7       7.      Although the complaint names 20 "Doe" defendants, the citizenship of fictitiously

8   named defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1).

9       8.      The amount in controversy in the action exceeds $75,000 exclusive of interest and

10  costs. "In actions seeking declaratory or injunctive relief, it is well established that the amount in

11  controversy is measured by the value of the object of the litigation." *Hunt v. Washington State*

12  *Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Accordingly, "the value of an insurance

13  company's obligation to defend an insured in an underlying suit is a relevant measure of the

14  amount in controversy in an action for declaratory relief." *Century Sur. Co. v. J Quinn*

15  *Construction*, 2010 U.S. Dist. LEXIS 11883, *10 (C.D. Cal. Jan. 20, 2010); *Kessloff v. State*

16  *Farm Gen. Ins. Co.*, 1990 U.S. Dist. LEXIS 13571 (N.D. Cal. Mar. 23, 1990) (denying motion to

17  remand declaratory relief action regarding the duty to defend because "if State Farm is found to

18  have a duty to defend . . . it could be required to pay more than [the jurisdictional amount] in

19  defense costs"). Here, AHRN seeks a declaration that "the Travelers Defendants were and are

20  obligated" to defend AHRN in the *Regional* action, which was filed on April 18, 2012 and of

21  which AHRN notified Travelers Casualty Insurance Company of America on April 25, 2012.

22  (Complaint, ¶ 10, Prayer; Declaration of Pam Matsufuji ["Matsufuji Decl."], ¶ 2.) The "value of

23  the object of the litigation" – the amount of money that Travelers would have to pay as AHRN's

24  defense costs in the underlying *Regional* action should the Court find a duty to defend – is in

25  excess of $75,000, as demonstrated by the following.

26      a.      The complaint in the *Regional* action alleges claims against AHRN for

27  copyright infringement. (Matsufuji Decl., ¶ 1, Ex. 1.) Specifically, the complaint in the

28  *Regional* action alleges that Regional "brings this action because defendant [AHRN] willfully

Sedgwick

1   infringed [Regional's] copyrights in the original compilation of its regional multiple listing

2   service database, which it markets as its 'NorthstarMLS® Database,' as well as in photographs

3   published on the NorthstarMLS Database, by reproducing, distributing, and displaying these

4   copyrighted works without authorization." (Matsufuji Decl., ¶ 1, Ex. 1, ¶ 2.) Travelers has paid

5   defense costs in many actions claiming copyright infringement in advertising, and it is Travelers'

6   claim handler's experience that the cost of a defense for a litigated copyright infringement action

7   assigned to her almost always exceeds $75,000. (Matsufuji Decl., ¶ 3.) This is because, among

8   other things, such actions often involve high stakes, numerous experts, and substantial electronic

9   discovery. (Matsufuji Decl., ¶ 3.) Indeed, from a review of the *Regional* docket on PACER, and

10  based on Travelers' experience handling intellectual property claims, Travelers believes that the

11  fees and costs incurred in the *Regional* action (which AHRN has essentially asked Travelers to

12  pay by tendering the defense) exceed $75,000. (Matsufuji Decl., ¶¶ 3-4.)

13          b.      On March 28, 2012, Metropolitan Regional Information Systems, Inc.

14  filed a complaint against AHRN (and its CEO) in the United States District Court for the District

15  of Maryland, Case No. 8:12-cv-00954-AW ("the *Metropolitan* action"). (Matsufuji Decl., ¶ 5.)

16  Like the *Regional* action, the *Metropolitan* action involves claims of copyright infringement

17  against AHRN. (Matsufuji Decl., ¶ 5.) AHRN provided notice of the *Metropolitan* action to

18  Travelers Casualty Insurance Company of America on April 9, 2012, and it accepted AHRN's

19  defense under a reservation of rights, including the right to file a complaint for declaratory relief

20  regarding the duty to defend. (Matsufuji Decl., ¶ 6.) Travelers Casualty Insurance Company of

21  America has already been presented with defense counsel bills from the *Metropolitan* action

22  totaling more than $300,000, and it has already paid defense fees and costs totaling more than

23  $200,000. (Matsufuji Decl., ¶ 6.) Travelers has no reason to think that the fees and costs

24  incurred in the *Regional* action would be appreciably different. (Matsufuji Decl., ¶ 6.)

25  Therefore, the amount of defense fees and costs incurred to date in the *Metropolitan* action is

26  further evidence that the amount of defense fees and costs incurred in the *Regional* action have

27  exceeded $75,000, and will continue to grow as the case proceeds.

28          9.      Although Travelers denies that it has a duty to defend AHRN in the *Regional*

-4-

Sedgwick

1  action, AHRN's allegations to the contrary have placed an amount in controversy in excess of

2  $75,000.

3  **INTRADISTRICT ASSIGNMENT**

4      10.    This action should be assigned to the San Francisco Division of the United States

5  District Court for the Northern District of California pursuant to Northern District Local Rules 3-

6  5(b) and 3-2(d), because the action was filed in San Francisco County.

7      11.    On January 25, 2013, Travelers Casualty Insurance Company of America and

8  Travelers Indemnity Company of Connecticut filed a complaint against AHRN and its CEO in

9  the United States District Court for the Northern District of California, Case No. 13-cv-0360.

10  The case concerns, among other things, whether Travelers has a duty to defend AHRN in the

11  *Regional* action, and it is pending before the Honorable Samuel Conti, San Francisco Division.

12  Once the instant action is removed, Travelers will promptly file (1) an administrative motion to

13  consider whether cases should be deemed related (pursuant to Local Rule 3-12(b), and (2) a

14  motion to consolidate the two cases.

15      12.    WHEREFORE, defendants Travelers Casualty Insurance Company of America

16  and Travelers Indemnity Company of Connecticut further give notice that the above-described

17  action, now pending against them in the Superior Court for the State of California, City and

18  County of San Francisco, has been removed therefrom to this Court on the ground of diversity of

19  citizenship.

20  DATED: March 4, 2013      Respectfully submitted,

21          SEDGWICK LLP

22

23          By: _____

24             Bruce D. Celebrezze
           Nicholas J. Boos

25             Attorneys for Defendants
           TRAVELERS CASUALTY INSURANCE COMPANY

26             OF AMERICA and TRAVELERS INDEMNITY
           COMPANY OF CONNECTICUT

27

28

Sedgwick

EXHIBIT 1

# EXHIBIT 1



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

SLM / ALL
**Transmittal Number: 10849949**
**Date Processed: 02/15/2013**

| | |
|---|---|
| **Primary Contact:** | Pamela Hoff<br>The Travelers Companies, Inc.<br>385 Washington Street, MC 515A<br>Saint Paul, MN 55102 |

| | |
|---|---|
| **Entity:** | Travelers Casualty Insurance Company of America<br>Entity ID Number 2317367 |
| **Entity Served:** | Travelers Casualty Insurance Company of America |
| **Title of Action:** | American Home Realty Network, Inc. vs. Travelers Casualty Insurance Company Of America |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | San Francisco County Superior Court, California |
| **Case/Reference No:** | CGC-13-528207 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 02/15/2013 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Alexander J. Berline<br>415-777-3200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ALEXANDER J. BERLINE - 158098 CHRISTINE HILER - 245331 HANSON BRIDGETT LLP 425 Market Street, 26th Floor an Francisco, CA 94105 | |

TELEPHONE NO: 415-777-3200　　　FAX NO. (Optional): 415-541-9366
E-MAIL ADDRESS (Optional): aberline@hansonbridgett.com
ATTORNEY FOR (Name): American Home Realty Network, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: AMERICAN HOME REALTY NETWORK, INC.

DEFENDANT/RESPONDENT: TRAVELERS CASUALTY INS. CO. OF AMERICA, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CGC-13-528207 |
|---|---|

TO (insert name of party being served): TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut Corp.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 13, 2013

ALEXANDER J. BERLINE
　　　　(TYPE OR PRINT NAME)　　　　　　　　　　(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other (specify): (1) Civil Case Cover Sheet; (2) Notice to Plaintiff; and, (3) ADR Package

(To be completed by recipient):

Date this form is signed:

TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,　　　(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)　　　ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory se
Judicial Council of California
POS-015 [Rev. January 1, 2005]
**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>ALEXANDER J. BERLINE - 158098 CHRISTINE HILER - 245331<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>an Francisco, CA 94105<br>TELEPHONE NO: 415-777-3200 FAX NO. (Optional): 415-541-9366<br>E-MAIL ADDRESS (Optional): aberline@hansonbridgett.com<br>ATTORNEY FOR (Name): American Home Realty Network, Inc. | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER: AMERICAN HOME REALTY NETWORK, INC.

DEFENDANT/RESPONDENT: TRAVELERS CASUALTY INS. CO. OF AMERICA, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT.—CIVIL | CASE NUMBER:<br>CGC-13-528207 |
|---|---|

TO (insert name of party being served): TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut Corp.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 13, 2013

ALEXANDER J. BERLINE
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other (specify): (1) Civil Case Cover Sheet; (2) Notice to Plaintiff; and, (3) ADR Package

(To be completed by recipient):

Date this form is signed:

_____
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory se<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.USCourtForms.com

**SUM-100**

# SUMMONS ON COMPLAINT
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut corporation; TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
AMERICAN HOME REALTY NETWORK, INC., a Delaware corporation individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*
**CGC-13-528207**

San Francisco County Superior Court
400 McAllister Street
San Francisco, CA  94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander J. Berline - 158098; Christine J. Hiler - 245331; Tel: 415-777-3200; Fax: 415-541-9366
Hanson Bridgett LLP
425 Market Street, 26th Floor, San Francisco, CA  94105

DATE: **JAN 2 4 2013**  CLERK OF THE COURT
*(Fecha)*

Clerk, by **MEREDITH GRIER** , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (Conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1 │ HANSON BRIDGETT LLP
ALEXANDER J. BERLINE, SBN 158098
2 │ aberline@hansonbridgett.com
CHRISTINE HILER, SBN 245331
3 │ chiler@hansonbridgett.com
425 Market Street, 26th Floor
4 │ San Francisco, California 94105
Telephone:  (415) 777-3200
5 │ Facsimile:   (415) 541-9366

6 │ Attorneys for Plaintiff AMERICAN HOME
REALTY NETWORK, INC., a Delaware
7 │ corporation

**FILED**

San Francisco County Superior Court

JAN 24 2013

CLERK OF THE COURT
BY: _____
Deputy Clerk

8

9 │                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 │                       COUNTY OF SAN FRANCISCO

11 │                                              CGC-13-528207

12 │ AMERICAN HOME REALTY NETWORK,       CASE NO.
INC., a Delaware corporation,

13 │            Plaintiff,               **COMPLAINT FOR DECLARATORY
                                         RELIEF**

14 │       v.

15 │ TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA, a Connecticut
16 │ corporation;
TRAVELERS INDEMNITY COMPANY OF
17 │ CONNECTICUT, a Connecticut
corporation; and
18 │ DOES 1 through 20, inclusive,

19 │            Defendants.

20

21

22

23

24

25

26

27

28

4940764.1

COMPLAINT FOR DECLARATORY RELIEF

1    Plaintiff AMERICAN HOME REALTY NETWORK, INC., ("Plaintiff") alleges as

2  follows:

3                    **NATURE OF ACTION AND RELIEF SOUGHT**

4    1.    This action arises, in part, out of insurance coverage issues raised by

5  claims brought against Plaintiff by the Regional Multiple Listing Service of Minnesota in

6  an underlying action pending in the U.S. District Court for the District of Minnesota, No.

7  C-12-0965.  (Hereinafter the "Underlying Claims.")

8    2.    Plaintiff in this action promptly tendered the Underlying Claims to its

9  commercial liability insurers Travelers Casualty Insurance Company of America

10  (Travelers Casualty) and Travelers Indemnity Company of Connecticut (Travelers

11  Indemnity) (collectively, Travelers) for defense and indemnity.  Travelers first filed a

12  Federal Declaratory Relief Case, and only later declined the tender.  That Federal Case

13  has since been Dismissed for lack of jurisdiction.  Travelers has agreed to mitigate any

14  prejudice from submitting extrinsic evidence by entering into a Protective Order.

15    3.    Plaintiff now seeks a declaration of its rights in regard to its policy benefits

16  under the Travelers Insurance Policies.  Plaintiff also seeks a declaration of its rights in

17  regard to Travelers' obligation to provide independent *Cumis* counsel.

18                       **IDENTIFICATION OF PARTIES**

19    4.    At all material times herein, Plaintiff is a corporation duly organized under

20  the laws of Delaware with its principle place of business in the City & County of San

21  Francisco.

22    5.    At all material times herein, Defendant Travelers Casualty is an insurer that

23  is authorized to transact business in the State of California as either an admitted or

24  surplus lines insurer.

25    6.    At all material times herein, Defendant Travelers Indemnity is an insurer

26  that is authorized to transact business in the State of California as either an admitted or

27  surplus lines insurer.

28    7.    Plaintiff is ignorant of the true names and capacities whether individual,

4940764.1
                                    -1-
                     COMPLAINT FOR DECLARATORY RELIEF

1   corporate, associate, or otherwise of defendants sued herein as Does 1 through 20,

2   inclusive, and therefore sue these defendants by those fictitious names. Plaintiff is

3   informed and believes, and on that basis alleges, that these defendants are in some

4   manner responsible for the acts, omissions and events herein referred to, and negligently

5   or otherwise caused injuries and damages proximately thereby to Plaintiff as alleged in

6   this Complaint. Accordingly, Plaintiff sues defendants Does 1 through 20 under such

7   fictitious names. Plaintiff prays for leave to amend this Complaint to name properly and

8   charge each such defendant when all necessary facts have been ascertained.

9                           **JURISDICTION AND VENUE**

10          8.      Jurisdiction is proper in the Superior Court for the City and County of San

11  Francisco pursuant to California Code of Civil Procedure § 410.10 because this Court

12  has general subject matter jurisdiction and no statutory exceptions to jurisdiction exist.

13          9.      Venue is proper in the City and County of San Francisco pursuant to

14  California Code of Civil Procedure §395.5, *inter alia*, because the insurance contracts

15  were either entered into in San Francisco, were to be performed in San Francisco, or

16  were breached in San Francisco.

17                          **GENERAL ALLEGATIONS**

18  **I.    UNDERLYING CLAIMS**

19          10.     On April 18, 2012, the Regional Multiple Listing Service of Minnesota (MLS)

20  filed a complaint against Plaintiff alleging copyright infringement of compilation content,

21  and copyright infringement of photographs, based on Plaintiff's alleged misappropriation

22  of MLS's purportedly copyrighted database serving Minnesota and western Wisconsin.

23  **II.   THE INSURANCE POLICIES**

24          11.     All the relevant Travelers Insurance Policies contained such coverage

25  grants as to require them to defend and indemnify Plaintiff from the Underlying Claims.

26  Travelers Casualty issued the following policy to Plaintiff: policy number I-680-5278R919-

27  ACJ-10, for the policy period July 23, 2010 to July 23, 2011. Travelers Indemnity issued

28  the following policies to Plaintiff: policy number I-680-2118M772-TCT-11 for the policy

1  period March 20, 2011 to March 20, 2012, and policy number I-680-2118M772-TCT-12

2  for the policy period March 20, 2012 to March 20, 2013.  (Hereinafter, all policies are

3  collectively referred to as the "Policies".)

4      12.    Plaintiff has caused all required premiums to be paid and has satisfied all

5  terms and conditions of all the relevant Policies.

**FIRST CAUSE OF ACTION**
**DECLARATORY RELIEF – DUTY TO DEFEND**
**(All Defendants And DOES 1-10)**

8      13.    Plaintiff incorporates by reference the allegations of paragraphs 1 through

9  12, as though fully set forth herein.

10     14.    Pursuant to California Code of Civil Procedure Section 1060, Plaintiff

11  asserts this cause of action for declaratory relief against the Travelers Defendants.

12     15.    An actual controversy has arisen and now exists between Plaintiff and the

13  insurance Defendants concerning their respective rights, obligations and duties under the

14  Policies.  Plaintiff contends that under the Policies, Plaintiff was and is entitled to an un-

15  conflicted defense.  Travelers has and continues to decline Plaintiff's tender for defense.

16     16.    Declaratory relief is necessary to determine whether Plaintiff or the

17  Travelers Defendants are correct in their respective positions.

18  WHEREFORE, Plaintiff prays for relief as set forth below.

**SECOND CAUSE OF ACTION**
**DECLARATORY RELIEF – INDEPENDENT *CUMIS* COUNSEL**
**MUST BE PROVIDED UNDER CIVIL CODE SECTION 2860**
**(All Defendants And DOES 1-10)**

22     17.    Plaintiff incorporates by reference the allegations of paragraphs 1 through

23  16, as though fully set forth herein.

24     18.    Pursuant to California Code of Civil Procedure Section 1060, Plaintiff

25  asserts this cause of action for declaratory relief against the Travelers Defendants.

26     19.    Travelers declined Plaintiff's tender and refused Plaintiff's right to

27  independent *Cumis* counsel under California Civil Code Section 2860 *et seq.*

28     20.    An actual controversy has arisen and now exists between Plaintiff and

4940764.1

-3-
COMPLAINT FOR DECLARATORY RELIEF

1 | Travelers concerning their respective rights, obligations and duties under the Policies

2 | such that Plaintiff had and has a right to independent *Cumis* counsel.

3 |     21.   In this instance, independent *Cumis* counsel is required because the

4 | outcome of the coverage issues identified by the Travelers Defendants can be controlled

5 | by counsel retained by the Travelers Defendants for the defense.

6 |     22.   Declaratory relief is necessary to determine whether the Travelers

7 | Defendants should have and must now provide independent *Cumis* counsel to Plaintiff

8 | under California Civil Code Section 2860 *et seq.*

9 | WHEREFORE, Plaintiff prays for relief as set forth below.

10 | **PRAYER FOR RELIEF**

11 | WHEREFORE, Plaintiff prays as follows:

12 |     1.   Declaration that the Travelers Defendants were and are obligated under the

13 | Policies to defend Plaintiff from Underlying Claims;

14 |     2.   Declaration that the insurance Defendants were and are obligated to

15 | provide independent *Cumis* counsel under the Policies for the Underlying Claims;

16 |     3.   For costs of suit and interest incurred herein;

17 |     4.   For such other and further relief as the Court deems just and proper.

18 |

19 | DATED: January 24, 2013        Respectfully submitted,

20 |     HANSON BRIDGETT LLP

21 |

22 |     By:_____

23 |     ALEXANDER J. BERLINE<br>    CHRISTINE HILER

24 |     Attorneys for Plaintiff AMERICAN HOME<br>    REALTY NETWORK, INC., a Delaware<br>    corporation

25 |

26 |

27 |

28 |

-4-
COMPLAINT FOR DECLARATORY RELIEF

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Alexander J. Berline - 158098; Christine Hiler - 245331
Hanson Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CA 94105

TELEPHONE NO: 415-777-3200   FAX NO: 415-541-9366
ATTORNEY FOR *(Name):* American Home Realty Network, Inc., Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME: American Home Realty Network, Inc. v. Travelers Casualty
Insurance Company of America, et al.

**F I L E D**
San Francisco County Superior Court

JAN 24 2013

CLERK OF THE COURT
BY: _____
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited  ☐ Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-13-528207 |
| | | JUDGE:        DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☒ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☐ monetary  b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* One
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 24, 2013

Alexander J. Berline ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CASE NUMBER: CGC-13-528207 AMERICAN HOME REALTY NETWORK, INC. VS. TRAVELE

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** JUN-26-2013

**TIME:** 10:30AM

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.



**Superior Court of California, County of San Francisco**

**Alternative Dispute Resolution**
**Program Information Package**



---

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 3.221(c))

---

### WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options
available for settling a dispute without a trial. There are many different ADR processes, the
most common forms of which are mediation, arbitration and settlement conferences. In ADR,
trained, impartial people decide disputes or help parties decide disputes themselves. They
can help parties resolve disputes without having to go to court.

### WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate
either in an early settlement conference, mediation, arbitration, early neutral evaluation or
some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even
  weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell
  their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in
  ADR have reported a high degree of satisfaction.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may
voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this
  packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also
  attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San
  Francisco's ADR Services at 415-982-1600 or www.sfbar.org/adr for more
  information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

## 1) EARLY SETTLEMENT CONFERENCES

The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** This program, provided in conjunction with the court, pairs parties with a two-member volunteer attorney panel. The panels are comprised of one plaintiff and one defense attorney, each with at least 10 years of trial experience. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.

**Operation:** The settlement conference typically occurs 2 to 3 months prior to the trial date. BASF informs the participants of the conference date well in advance and provides the names of the panelists and location of the conference approximately 2 weeks prior to the conference. Panelists provide at **no cost** up to 2 hours of their time at each conference, and many panelists provide additional time at no cost if a settlement is imminent. A conference typically begins with a brief meeting with all parties and their attorneys during which each side presents an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of their cases, utilizing private meetings as appropriate. If a case does not settle during the first two hours, parties have the option to hire the panelists to continue the conference.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's ESP Coordinator at 415-782-9000 ext. 8717 or visit www.sfbar.org/esp.

**(B) COURT SETTLEMENT CONFERENCE:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** A mediator provides at **no cost** one hour of preparation time and two hours of mediation time. After those three hours, if the case is not resolved, parties have the option to continue the process and pay the mediator at his or her regular hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties may select a specific mediator or BASF will help the parties make a selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.

**Cost:** BASF charges an administrative fee of $250 per party. For Information on fees for cases involving multiple parties, please contact BASF. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Parties who meet certain eligibility requirements may request a waiver of the fee. For more Information, please contact BASF's Mediation Coordinator at 415-782-9000 ext. 8787 or visit www.sfbar.org/mediation.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will very depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's Arbitration Panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 30 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br><br>DEPARTMENT 610 |

1) The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Other ADR process (describe)** _____

2) The parties agree that the ADR Process shall be completed by (date): _____

3) Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2 07/12          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* ☐ **UNLIMITED CASE** ☐ **LIMITED CASE**<br>(Amount demanded    (Amount demanded is $25,000<br>exceeds $25,000)    or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                Time:            Dept.:        Div.:            Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1.  Party or parties *(answer one):*
    a. ☐ This statement is submitted by party *(name):*
    b. ☐ This statement is submitted jointly by parties *(names):*

2.  Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
    a. The complaint was filed on *(date):*
    b. ☐ The cross-complaint, if any, was filed on *(date):*

3.  Service *(to be answered by plaintiffs and cross-complainants only)*
    a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b. ☐ The following parties named in the complaint or cross-complaint
        (1) ☐ have not been served *(specify names and explain why not):*
        (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
        (3) ☐ have had a default entered against them *(specify names):*
    c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4.  Description of case
    a.  Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:                                    f. Fax number:
   e. E-mail address:                                       g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110 [Rev. July 1, 2011]                **CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*

   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:

     ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

     Party                   Description                 Date

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other Issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▸ |

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

▸ |

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 5 of 5



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 94105 $ 007.17⁰
02 1M
0001365090 FEB. 13. 2013

HansonBridgett

**Hanson Bridgett LLP**
425 Market Street, 26th Floor
San Francisco, CA 94105
hansonbridgett.com

Karen Harris
c/o Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3505

CERTIFIED MAIL™

7006 2760 0000 1109 0603



U.S. POSTAGE ⟩⟩ PITNEY BOWES

ZIP 94105 $ 000.46⁰
02 1W
0001365090

Alexander J. Berline, Esq.
Hanson Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CA  94105



HansonBridgett

EXHIBIT 2

# EXHIBIT 2

1  **SEDGWICK LLP**
   BRUCE D. CELEBREZZE, SBN 102181
2  *bruce.celebrezze@sedgwicklaw.com*
   NICHOLAS J. BOOS, SBN 233399
3  *nicholas.boos@sedgwicklaw.com*
   333 Bush Street, 30th Floor
4  San Francisco, California 94104-2834
   Telephone: (415) 781-7900
5  Facsimile: (415) 781-2635

6  Attorneys for Defendants
   TRAVELERS CASUALTY INSURANCE COMPANY
7  OF AMERICA, a Connecticut corporation;
   TRAVELERS INDEMNITY COMPANY OF
8  CONNECTICUT, a Connecticut corporation

ENDORSED
F I L E D
San Francisco County Superior Court

MAR 0 4 2013

CLERK OF THE COURT
BY: _____ WILLIAM TRUPEK
                    Deputy Clerk

9

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11            **CITY AND COUNTY OF SAN FRANCISCO**

12

13  AMERICAN HOME REALTY NETWORK,       **CASE NO. CGC-13-528207**
    INC. a Delaware corporation,

14              Plaintiff,              **DEFENDANTS' ANSWER TO**
                                        **PLAINTIFF'S COMPLAINT FOR**
15       v.                             **DECLARATORY RELIEF**

16  TRAVELERS CASUALTY INSURANCE
    COMPANY OF AMERICA, a Connecticut
17  corporation; TRAVELERS INDEMNITY
    COMPANY OF CONNECTICUT,
18  a Connecticut corporation; and DOES 1
    through 20, inclusive,
19
                Defendants.
20

21          Defendants Travelers Casualty Insurance Company of America and Travelers Indemnity

22  Company of Connecticut (collectively, "Travelers") hereby answer the complaint of plaintiff

23  American Home Realty Network, Inc. ("AHRN") as follows:

24                          **GENERAL DENIAL**

25          Pursuant to the provisions of the Code of Civil Procedure § 431.30, Travelers generally

26  and specifically denies each and every, all and singular, conjunctively and disjunctively,

27  allegations contained in the complaint, and each and every part thereof, and each and every cause

28  of action thereof, and further specifically denies that AHRN has been injured or damaged in the

SF/3714682v1                          -1-
              DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

1   sum alleged, or in any other sum, or at all, by reason of any carelessness, negligence, act, or

2   omission of Travelers.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Travelers alleges that the complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Travelers alleges that the causes of action attempted to be stated against it and set forth in the complaint are barred by all applicable contract and statute of limitation provisions, and the limitations as set forth in the alleged Travelers policies.

### THIRD AFFIRMATIVE DEFENSE

AHRN has failed to satisfy all conditions precedent to its rights, if any, to benefits under the alleged Travelers policies.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that AHRN has failed to mitigate, minimize, or avoid any damages it allegedly sustained, any recovery against Travelers must be reduced accordingly.

### FIFTH AFFIRMATIVE DEFENSE

Travelers has at all times exercised due care concerning any actions, conduct, or other matters alleged in the complaint, or any purported claim asserted therein.

### SIXTH AFFIRMATIVE DEFENSE

AHRN has not suffered any damages as a result of any actions taken by Travelers, and AHRN is thus barred from asserting the complaint, or any purported claim, against Travelers.

### SEVENTH AFFIRMATIVE DEFENSE

AHRN's claims, in whole or in part, are barred by the equitable doctrines of laches, waiver, and estoppel.

### PRAYER

WHEREFORE, defendants Travelers Casualty Insurance Company of America and Travelers Indemnity Company of Connecticut pray for judgment as follows:

SF/3714682v1

-2-

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

1.    That AHRN take nothing by reason of the complaint;

2.    That Travelers be awarded costs of suit herein; and

3.    For such other and further relief as the Court deems just and proper.

DATED: March 4, 2013                    SEDGWICK LLP

By: _____
    Bruce D. Celebrezze
    Nicholas J. Boos
    Attorneys for Defendants
    TRAVELERS CASUALTY INSURANCE
    COMPANY OF AMERICA, a Connecticut
    corporation; TRAVELERS INDEMNITY
    COMPANY OF CONNECTICUT,
    a Connecticut corporation

SF/3714682v1

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

1

### PROOF OF SERVICE

2

I am a resident of the State of California, over the age of eighteen years, and not a party

3
to the within action. My business address is Sedgwick LLP, 333 Bush Street, 30th Floor, San Francisco, CA 94101-2834. On March 4, 2013, I served the within document(s):

4

### CLERK'S NOTICE

5

| | |
|---|---|
| ☐ | FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m. |
| ☐ | MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. |
| ☑ | PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | ELECTRONIC – by electronically transmitting the document(s) listed above to the electronic notification address(es) of the addressee(s) listed below. |
| ☐ | OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via [delivery method] . |

6

7

8

9

10

11

12

13

14

15

| | |
|---|---|
| Alexander J. Berline, Esq.<br>Christine Hiler, Esq.<br>Hanson Bridgett LLP<br>425 Market St 26FL<br>San Francisco, CA 94105<br>Telephone:      (415) 995-5035<br>Facsimile:      (415) 541-9366<br>aberline@hansonbridgett.com<br>chiler@hansonbridgett.com | Defendants, American Home Realty Network;<br>Jonathan Cardello |

16

17

18

19

20

21

I am readily familiar with the firm's practice of collection and processing correspondence

22
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

23
motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

24

I declare that I am employed in the office of a member of the bar of this court at whose

25
direction the service was made.

26

Executed on March 4, 2013, at San Francisco, California.

27

28

Lesa L. Lewis

SF/3739039v1